# GOTTLIEB & ASSOCIATES PLLC
## ATTORNEYS

150 E. 18 St., Suite PHR, New York, NY 10003
212 228-9795   www.gottlieblaw.net

August 13, 2024

**VIA ECF**

The Honorable Robert W. Lehrburger
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

        Re:   *Hedges v. Excel Sports Science Inc.*
              Case No.: 1:24-cv-3813(AS)(RWL)
              Discovery Dispute

Dear Judge Lehrburger,

    The undersigned represents Donna Hedges, on behalf of herself and all other persons similarly situated ("Plaintiff") in the above referenced matter against Defendant, Excel Sports Science Inc., ("Defendant"). This case is a typical ADA website case based upon the disability of the Plaintiff, she is blind and alleges that the Defendant's website is non-compliant. By Order dated August 6, 2024 (Dkt. 13), the Honorable Arun Subramanian granted Defendant's request for an extension of time to take a limited "standing-related deposition of plaintiff" until August, 23, 2024. On the same date, Defendant's Counsel served the undersigned a Notice of Deposition for August 19, 2024 by "remote audio-video conference with Veritext."

    I immediately contacted Defendant's Counsel and advised that due to my client being blind and her inability to use a camera as a result of her disability, she would be available for a telephone deposition only. Defendant's counsel objected to a telephone deposition and insists upon a video deposition. Counsel for the parties have exchanged several emails regarding this issue and are not able to resolve this dispute. In addition, a phone conference today between counsel pursuant to Your Honor's Practice Rule (11)(D), did not resolve the dispute.

    I am not able to be physically present during the deposition of the Plaintiff due to my own disability nor does the Plaintiff have anyone else who is sighted that can assist her with a camera for the video deposition. I have asked Defendant's Counsel to allow the Plaintiff to participate in the deposition by telephone as a "reasonable accommodation" within the intent of the ADA and in furtherance of Local Rule 30.2 which encourages the use of telephone depositions. Notwithstanding the equities and reality of the situation, Defendant insists upon a

video-deposition rather than a telephone deposition. Defendant would not be prejudiced by a telephone deposition of this limited "standing-related" inquiry.

Accordingly, I request Your Honor to Order that the deposition of the Plaintiff be permitted to be taken by telephone instead of by video. I am ready to participate in a telephone conference with Your Honor and Defendant's Counsel should Your Honor deem a conference necessary.

We thank the Court for its time and attention in this matter.

Respectfully submitted,

*/s/Jeffrey M. Gottlieb, Esq.*
Jeffrey M. Gottlieb, Esq.

cc: all counsel VIA ECF

This case has not been referred to Magistrate Judge Lehrburger for any purpose, so all letters should be addressed to the undersigned.

In any event, Plaintiff's request to have the deposition take place by telephone is hereby GRANTED. The Court understands that given the expedited nature of this deposition, Plaintiff may not be able to find someone else to assist her with a video deposition. Nevertheless, Plaintiff should not expect this accommodation for all depositions in this matter absent a showing of good cause.

This letter states that Mr. Gottlieb is unable to assist Plaintiff with a video deposition. But the letter does not explain why Mr. LaBollita, who has also appeared as counsel on behalf of Plaintiff, cannot offer assistance. Mr. LaBollita should be prepared to offer assistance in future depositions.

The Clerk of Court is directed to terminate the motion at ECF No. 14.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 14, 2024